IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TODD BLEDSAW,                                       CV. 07-499-PK

                        Plaintiff,                  FINDINGS AND
                                                    RECOMMENDATION
v.

GUY HALL, Superintendent, Two
Rivers Correctional Institution (TRCI);
MAX WILLIAMS, Director, Oregon
Department of Corrections (ODOC),

                        Defendants.

_____

PAPAK, Magistrate Judge:

        Plaintiff Todd Bledsaw, an inmate appearing *pro se*, brings this civil rights action

pursuant to 42 U.S.C. § 1983 alleging that defendants violated his rights to due process and equal

protection by: (1) housing him in medium security despite his qualification for minimum

security; (2) failing to compensate him for his work during the first 120 days of his incarceration;

and (3) withdrawing money from his inmate trust account for Department of Corrections

Page 1 - FINDINGS AND RECOMMENDATION

("DOC") fines.   Currently before the court is defendants' Unenumerated 12(b) Motion to Dismiss -- Failure to Exhaust (No. 14).  For the reasons set forth below, defendants' motion should be granted.

## LEGAL STANDARD

The Ninth Circuit has instructed courts to address parties' contentions that a prisoner plaintiff failed to exhaust administrative remedies as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  Failure to exhaust is an affirmative defense that must be raised and proven by the defendant.  *Id.*  If the court concludes that the prisoner failed to exhaust, the proper remedy is dismissal of the claim without prejudice.  *Id.* at 1120.

In resolving disputed issues of fact in connection with an unenumerated  motion to dismiss for failure to exhaust, "the general view is that there is no right of jury trial as to th[ose] issue[s] and that the court has a broad discretion as to the method to be used in resolving the factual dispute." *Ritza v. Int'l Longshoremen's & Warehousemen's Union,* 837 F.2d 365, 369 (9th Cir. 1988).  The court may look beyond the pleadings in order to decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-1120.  However, in the event the court does so, it "must assure that [plaintiff] has fair notice of his opportunity to develop a record." *Id.* at 1120, n. 14.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

## FACTUAL BACKGROUND

Bledsaw is an inmate of the Oregon Department of Corrections ("ODOC") and is

Page 2 - FINDINGS AND RECOMMENDATION

currently housed at the Two Rivers Correctional Institution ("TRCI") in Umatilla, Oregon. On December 27, 2006, Bledsaw submitted an Inmate Communication form asking for an explanation as to why he was being housed in medium security although he was qualified for minimum security classification. On January 2, 2007, a staff member responded by stating that "[i]n an effort to expedite an accurate response to the issues(s) you have raised . . . your letter has been referred to the Superintendent . . . ."

On February 26, 2007, Guy Hall, the Superintendent of the TRCI responded to Bledsaw's communication and informed him that he was housed in the "medium facility to allow participation in the Admissions and Orientation classes." Hall stated that Bledsaw had completed the classes and that there was no restriction from his being housed in a minimum security housing unit. Additionally, Hall informed Bledsaw that he had requested a housing assignment for Bledsaw, but that there were no bunks available in minimum security at that time. Hall instructed Bledsaw to contact his counselor if he was not moved within a month.

Having not been moved to minimum security housing, Bledsaw filed this action on March 25, 2007. Bledsaw admittedly has not formally grieved his claims. In his complaint, Bledsaw states that he did not use the administrative process "[b]ecause it doesn't work."

## ANALYSIS

The Prison Litigation Reform Act (PLRA) of 1995 amended 42 U.S.C § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C § 1997e(a). The exhaustion requirement applies to all inmate lawsuits relating to prison life whether they involve

Page 3 - FINDINGS AND RECOMMENDATION

general circumstances or particular episodes and whether the inmates allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 988-89 (2002). The court has further clarified that *any* suit challenging prison conditions requires exhaustion. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006) (emphasis added). The question before this court is whether Bledsaw properly exhausted "such administrative remedies as are available" before bringing this action.

Exhaustion is mandated regardless of the relief offered through the prison-administrative procedures. *Booth v. Churner*, 532 U.S. 731, 121 S.Ct.1819, 1825 (2001). "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards." *Woodford*, 548 U.S.at ___, 126 S.Ct. at 2382. In fact, prisoners must now exhaust administrative remedies even where the relief sought cannot be granted by the administrative process. *Id.* at 2383. Accordingly, the Ninth Circuit has held that "plaintiffs must pursue a remedy through a prison grievance process as long as *some* action can be ordered in response to the complaint." *Brown v. Valoff*, 422 F.3d 926, 934 (9th Cir. 2005) (emphasis in original). Even if the relief the prisoner receives is nothing more than "corrective action taken in response to an inmate's grievance [that] . . . improve[s] prison administration and satisf[ies] the inmate," such relief is sufficient for an inmate to continue with the administrative process. *Id.* at 936 (quoting *Porter*, 534 U.S. at 525). Nevertheless, the courts "do[] not require exhaustion when *no* pertinent relief can be obtained through the internal process." *Id.* at 935 (emphasis in original) (citing *Booth*, 532 U.S. at 736).

The ODOC has established an administrative review procedure, and the rules governing that procedure, *Inmate Communication and Grievance Review System*, are set forth in Chapter 291, Division 109 of the Oregon Administrative Rules. Inmates are first required to attempt to

Page 4 - FINDINGS AND RECOMMENDATION

resolve disputes with staff through face-to-face, verbal communication or a written inmate communication form. OAR 291-109-0120(2). If face-to-face or written communication does not resolve the dispute, inmates may file a written grievance. OAR 291-109-0140(1)(a). A grievance must be filed within thirty days of the incident or conflict. OAR 291-109-0140(3)(b). The grievance will be forwarded to the appropriate staff person for a response. OAR 291-109-0140(4). If the inmate is not satisfied with the response he receives to his written grievance, the inmate may appeal by filing a grievance appeal form. OAR 291-109-0140(5)(a)(A). The appeal is then forwarded to the functional unit manager for review and response. *Id.* The inmate may appeal the functional unit manager's response by filing a grievance appeal form with the assistant director. OAR 291-109-0140(5)(b)(A). The assistant director's decision is final and is not subject to further review. OAR 291-109-0140(5)(b)(D). Inmates are informed of the grievance process at Admission and Orientation class when they first arrive at an ODOC facility.

Bledsaw never filed a formal grievance regarding any of the three issues that he raises. He did file an informal request for information as to why he was being held in medium rather than minimum housing on December 27, 2006. Bledsaw received a response from a staff member within one week of his inquiry and was informed that his request was to be handled by the Superintendent of TRCI.

On February 26, 2007, Bledsaw was contacted by the Superintendent and informed that he would be moved to minimum security housing as soon as possible. A month later, without appeal to the response of the Superintendent, Bledsaw filed this action. Bledsaw failed to file any other formal or informal grievance after he received the response of the Superintendent. On this record there is sufficient evidence that Bledsaw has not yet exhausted his administrative

Page 5 - FINDINGS AND RECOMMENDATION

remedies nor established that exhaustion of those remedies would be futile.

## CONCLUSION

For the reasons set forth above, defendants' Unenumerated 12(b) Motion to Dismiss –
Failure to Exhaust (No. 14) should be GRANTED and a judgment should be prepared dismissing
the action without prejudice.  Defendants' request for costs disbursements, and attorney fees
should be DENIED.

/ / / / /

/ / / / /

/ / / / /

## SCHEDULING ORDER

Objections to these Findings and Recommendations, if any, are due April 4, 2008.  If no
objections are filed, then the Findings and Recommendation will be referred to a United States
District Judge for review and go under advisement on that date.  If objections are filed, any
response to the objections will be due fourteen days after the date the objections are filed and
review of the Findings and Recommendation will go under advisement on that date.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a
waiver of that party's right to *de novo* consideration of the factual issues addressed herein and
will constitute a waiver of the party's right to review of the findings of fact in any order or
judgment entered by a district judge.  These Findings and Recommendation are not immediately

Page 6 - FINDINGS AND RECOMMENDATION

appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1)

of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

IT IS SO ORDERED.

Dated this 21st day of March, 2008.

Honorable Paul Papak
United States Magistrate Judge

Page 7 - FINDINGS AND RECOMMENDATION